Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys For Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TURBANA CORPORATION

     Plaintiff,

- against -

M/V TRANSPORTER, her engines, boilers, tackle,
furniture, apparel, etc., *in rem*, EASTWIND MARITIME
INC. *in personam*

     Defendant.
------------------------------------------------------------------X

07 Civ.

**COMPLAINT**



     Plaintiff, TURBANA CORPORATION (hereinafter "Turbana" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against M/V TRANSPORTER, her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and EASTWIND MARITIME INC., *in personam*, alleges upon information and belief as follows:

### PARTIES

     1.    At all material times, Turbana was and is corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 550 Biltmore Way Suite 730 Coral Gables, FL 33134 and was the owner of a consignment of bananas, as more fully described below.

     2.    At all material times, Defendant, EASTWIND MARITIME INC., (hereinafter "Eastwind") was and is a foreign corporation with an office and place of business located at 444 Madison Ave Suite 200, New York, NY 10022 and owns, operates, manages and/or charters

ships, including the M/V TRANSPORTER (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, demise charterer, manager and/or operator of the M/V TRANSPORTER, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

3. At all material times, the M/V TRANSPORTER was and is a single crew combination reefer cargo/container vessel built in 1990 in Spain, that is flagged in Liberia, which is engaged in the common carriage of merchandise by water for hire between various foreign and domestic ports, which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5. This is a claim for damage to a consignment consisting of 128,968 boxes of fresh green bananas, which were delivered to the defendant in good order and condition to be carried from Puerto Bolivar, Ecuador to Bridgeport, Connecticut, pursuant to one or more bills of lading, including bill of lading number ISCBPBOBR6221001 dated May 18, 2006 and bill of lading number ISCBPBOBR6221002 dated May 18, 2006.

6. On or About May 18, 2006, Turbana and/or their representatives delivered to the *in personam* defendants and the M/V/ TRANSPORTER, at the port of Peurto Bolivar, Ecuador a cargo of bananas consisting of 152,920 boxes of fresh green bananas, owned by and/or consigned to plaintiff, in good order and condition, for carriage aboard the M/V

TRANSPORTER, to Bridgeport, Connecticut, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the M/V TRANSPORTER.

7. After departing the port of Puerto Bolivar, Ecuador the vessel made port calls at the port of Turbo, Columbia and the port of Moin, Costa Rica before departing for Bridgeport.

8. Plaintiff refers to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

9. From May 30 through June 1 2006, the consignment of bananas was discharged at Bridgeport, Connecticut and was found to be not in the same good order and condition as when delivered to the vessel. Specifically, the fruit was damaged in the form of ripe and turning damage.

10. Upon inspection, it was determined that the ship did not provide refrigeration to the cargo throughout the voyage as instructed.

11. As a result of damages, Turbana sustained a loss in the amount of $326,810.16.

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant its employees, contractors, agents and servants.

13. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

14. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contracts.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $326,810.16.

16. Plaintiff has a maritime lien against the M/V TRANSPORTER for the full amount of the damages referred to herein and will enforce that lien in these proceedings.

17. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

1.  In rem service of process be issued against the M/V TRANSPORTER, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2.  If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $326,810.16 with interest thereon and costs, the sums sued for in this Complaint;

3.  The M/V TRANSPORTER, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4.  The Court order, adjudge and decree that defendants EASTWIND MARITIME INC. and M/V TRANSPORTER be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       December 13, 2007
       228-21

                           CASEY & BARNETT, LLC
                           Attorneys for Plaintiff

                    By:    /s/ Gregory Barnett
                           Gregory G. Barnett (GGB-3751)
                           317 Madison Avenue, 21st Floor
                           New York, New York 10017
                           (212) 286-0225