BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
EASTWIND MARITIME INC.
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

------------------------------------------------------X

TURBANA CORPORATION

                Plaintiff,               07 Civ. 11287 (PAC)

     -v-

M/V TRANSPORTER, her engines, boilers,     **ANSWER**
tackle, furniture, apparel, etc., *in rem*,
EASTWIND MARITIME INC. *in personam*,

               Defendants.

------------------------------------------------------X

     Defendant, EASTWIND MARITIME INC. ("Defendant"), by and through its attorneys,

BROWN GAVALAS & FROMM LLP, for its answer to the Complaint of TURBANA

CORPORATION. ("Plaintiff"), alleges as follows:

     1.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1" of the Complaint.

     2.     Defendant admits the allegations contained in paragraph "2" of the Complaint.

     3.     Defendant denies that the M/V TRANSPORTER is now, or will be during the

pendency of this action within the jurisdiction of this Court, and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of in paragraph

"3" of the Complaint.

     4.     Paragraph "4" of the Complaint contains conclusions of law as to which no

response is required, but to the extent a response is required, Defendant denies knowledge or

information sufficient to form a belief as the truth the allegations contained in paragraph "4" of the Complaint.

5.      Defendant admits that a cargo of bananas was transported aboard the M/V TRANSPORTER from Ecuador to Connecticut in May 2006, but except as so admitted denies that said cargo of bananas was in good order and condition when delivered to the vessel in Ecuador, and further denies the remaining allegations contained in paragraph "5" of the Complaint.

6.      Defendant denies the allegations contained in paragraph "6" of the Complaint.

7.      Defendant admits the allegations contained in paragraph "7" of the Complaint.

8.      Paragraph "8" of the Complaint does not contain factual allegations to which a response is required.

9.      Defendant denies the allegations contained in paragraph "9" of the Complaint.

10.     Defendant denies the allegations contained in paragraph "10" of the Complaint.

11.     Defendant denies the allegations contained in paragraph "11" of the Complaint.

12.     Defendant denies the allegations contained in paragraph "12" of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14.     Defendant denies the allegations contained in paragraph "14" of the Complaint.

15.     Defendant denies the allegations contained in paragraph "15" of the Complaint.

16.     Defendant denies the allegations contained in paragraph "16" of the Complaint.

17.     Paragraph "17" of the Complaint does not contain factual allegations to which a response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph "17" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action or claim upon which relief can be granted against Defendant

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any alleged very, shortage, loss or damage to the cargo, which is specifically denied, was due to causes for which Defendant is neither liable nor responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act or applicable tariffs or general maritime law or terms of applicable bills of lading, charter party, special contracts, or dock receipts, including all terms incorporated therein by reference.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any loss or damage sustained, which is specifically denied, was solely caused by or contributed to by the default, neglect, acts or omissions, breach of express and implied warranties, breach of contract on the part of the shippers or the owners of the goods, Plaintiff or other parties or entities for whom Defendant is neither responsible nor liable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The shipment which is the subject of this suit was subject to all terms, conditions, and exceptions contained in certain bills of lading then and there issued, by which the shippers, cargo owners, consignees, subrogees, or holders of said bills of lading agreed to be and are bound.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The maximum liability of Defendant, which is specifically denied, is limited to the sum of $500 per package, or customary freight unit for goods not shipped in packages, pursuant to the U.S. Carriage of Goods by Sea Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the shipment which is the subject of the Complaint was damaged, which is specifically denied, said damage was proximately caused by the inherent vice, insufficiency of packaging, pre-shipment condition and/or inadequacy of marks of the subject cargo for which Defendant is not liable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This Answer is made without waiver of any right to arbitrate that may exist.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is not the real party in interest, and this action is not commenced pursuant to the proper authority or subrogation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

This case should be dismissed for improper venue on the basis of forum non conveniens or, in the alternative, transferred to a forum which is more convenient.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any loss or damage to the shipment, which is specifically denied, occurred when the goods were out of the care, custody or control of Defendant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff incurred damaged as alleged in the Complaint, which is specifically denied, then its injuries were caused by the negligence of individuals and/or business entities other than Defendant. Such other individuals and/or business entities are partly or wholly responsible for the occurrence resulting in any damage or injury to the Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take all reasonable steps to mitigate its damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed for insufficiency of service of process.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

This action should be moved for improper venue.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

WHEREFORE, defendant, Eastwind Maritime Inc. prays that judgment be entered in favor of said defendant and against Plaintiff, dismissing the Complaint herein, together with the costs and disbursements of this action, including reasonable attorneys' fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 18, 2008

                               Respectfully submitted,
                               BROWN GAVALAS & FROMM LLP
                               Attorneys for Defendant
                               EASTWIND MARITIME INC.

By:                                   
                               Peter Skoufalos (PS 0105)
                               355 Lexington Avenue
                               New York, New York 10017
                               (212) 983-8500

TO:

Casey & Barnett, LLC
Attorneys for Plaintiff
317 Madison Ave.
New York, New York 10017

Attn.: Gregory G. Barnett, Esq.